UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

M.G., S.G., R.G., K.G., minor children, by and
through their parent, STEPHANIE A. GRESHAM,

        Plaintiffs,                        Case No. 1:21-cv-12251

v.                                          Honorable Thomas L. Ludington
                                              Magistrate Judge Patricia T. Morris
ALCONA COUNTY COMMUNITY SCHOOLS
BOARD OF EDUCATION, *et al.*,

        Defendants.
_____/

**OPINION AND ORDER DISMISSING CASE WITHOUT PREJUDICE**

This matter is before this Court upon Plaintiff's Ex Parte Motion for Temporary Restraining Order. ECF No. 2. On September 24, 2021, Plaintiff Stephanie A. Gresham filed this action *pro se* on behalf of her four minor children: M.G., S.G., R.G., and K.G. Plaintiff's children are students at Alcona County Public Schools, which has adopted a "universal masking" policy in response to the novel coronavirus ("COVID-19") pandemic. *See* ECF No. 1 at PageID.14. Plaintiff alleges that the masking policy violates her children's rights under the Michigan Constitution and the Fifth and Fourteenth Amendments to the United States Constitution. *Id.* at PageID.26–30. Plaintiff names the Alcona County Community Schools Board of Education and various school officials. Plaintiff has also filed an ex parte motion for a temporary restraining order ("TRO"), in which she asks this Court to enjoin the Board of Education from enforcing its masking policy. *See* ECF No. 2.

Having carefully reviewed Plaintiff's Complaint, TRO Motion, and documents filed in support thereof, this Court will dismiss this case without prejudice because Plaintiff, a non-attorney parent, cannot proceed *pro se* on behalf of her children.

As the Sixth Circuit Court of Appeals has explained, "[a]lthough 28 U.S.C. § 1654 provides that '[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel,' that statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake."[1] *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (quoting 28 U.S.C. § 1654). Therefore, "parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." *Id.* at 970; *see also McCoy v. Akron Police Dep't*, No. 5:21 CV 51, 2021 WL 1857119, at *1 (N.D. Ohio May 10, 2021) ("[W]hile a parent may technically bring suit on behalf of a minor child, he or she may not do so *pro se*—that is, the parent can only bring suit on behalf of the minor child through an attorney."). Plaintiff is not a licensed attorney.

Judge Thomas M. Rose of the Southern District of Ohio recently dismissed a similar group of cases brought by non-attorney parents, noting that the cases could not proceed "as filed" because of the rule against non-attorney representation. *See E.B. v. Northmont City Sch. Dist. Bd. of Educ.*, No. 3:21-CV-255, 2021 WL 4321146, at *2 (S.D. Ohio Sept. 23, 2021); *P.G. v. Huber Heights City Sch. Dist. Bd. of Educ.*, No. 3:21-CV-257, 2021 WL 4321171, at *2 (S.D. Ohio Sept. 23, 2021); *T.B. v. Mad River City. Sch. Dist. Bd. of Educ.*, No. 3:21-CV-256, 2021 WL 4321160, at *2 (S.D. Ohio Sept. 23, 2021); *C.W. v. Northmont City Sch. Dist. Bd. of Educ.*, No. 3:21-CV-264, 2021 WL 4321120, at *2 (S.D. Ohio Sept. 23, 2021).

For the same reason, this case will be dismissed without prejudice to an attorney refiling it in whole or part. *Cf. Doe ex rel. Guardian v. Internal Revenue Serv.*, No. 3:17CV102-FDW, 2017 WL 1017126, at *1 (W.D.N.C. Mar. 15, 2017) (dismissing without prejudice action brought on

---

[1] "This rule 'helps to ensure that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring, parents.'" *Grappell v. Carvalho*, 847 F. App'x 698, 701 (11th Cir. 2021) (quoting *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997)).

- 3 -

behalf of minor by non-attorney parent and noting that "[d]istrict courts have a duty . . . to [sua sponte] enforce the rule against *pro se* representation of a child by his or her non-attorney parent").

Accordingly, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**. Provided that doing so is otherwise permissible, Plaintiff may refile this case or any part thereof through an attorney.

Further, it is **ORDERED** that Plaintiff's Motion for Temporary Restraining Order, ECF No. 2, is **DENIED AS MOOT**.

Dated: October 6, 2021                         s/Thomas L. Ludington
                                               THOMAS L. LUDINGTON
                                               United States District Judge